**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-6439**

---

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

ERIC SMITH, a/k/a Capone, a/k/a Pone,

> Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Arenda L. Wright Allen, District Judge.  (4:08-cr-00147-AWA-FBS-14)

---

Submitted:  June 3, 2024                    Decided:  June 18, 2024

---

Before KING and AGEE, Circuit Judges, and MOTZ, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Eric Smith, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Smith appeals the district court's order denying his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. The district court found that Smith failed to demonstrate extraordinary and compelling reasons for relief. We vacate the district court's order and remand for further proceedings.

We "review[] the denial of compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion." *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023). "In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *Id.* (internal quotation marks omitted). "We review the district court's interpretation of the scope of § 3582(c)(1)(A) de novo." *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022), *cert. denied*, 144 S. Ct. 1007 (2024).

In considering a compassionate release motion, "district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). "Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id*.

On appeal, Smith first argues that the district court erred in determining that his arguments for compassionate release based on COVID-19 did not constitute extraordinary and compelling reasons for relief. The court acknowledged that Smith's age and health conditions, in conjunction with COVID-19, weighed in favor of a finding that he had

2

demonstrated extraordinary and compelling reasons for relief. However, the court also found that Smith was fully vaccinated and that his facility was reporting no active COVID-19 cases. Under these circumstances, we conclude that the district court did not abuse its discretion in denying Smith's request for relief based on COVID-19.

Smith next contends that, following his sentencing hearing, the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239, reduced the mandatory minimum sentence in 21 U.S.C. § 841(b)(1)(A) for a defendant with two or more prior convictions from life imprisonment to 25 years, and the mandatory minimum for a defendant with one prior conviction to 15 years. Smith argues that one of his two prior convictions would not, following the First Step Act, qualify for enhancements under § 841(b)(1)(A), and that he would now be subject to the 15-year minimum. Finally, Smith argues that, if sentenced today, he would no longer be designated a career offender, in which case he would be entitled to the application of Amendment 782 of the Sentencing Guidelines.

"[A] compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence." *Ferguson*, 55 F.4th at 272; *see United States v. Davis*, 99 F.4th 647, 656 (4th Cir. 2024) (expressing the same). "Because [28 U.S.C.] § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant" cannot use "compassionate release[] to sidestep § 2255's requirements." *Ferguson*, 55 F.4th at 270. Critically, however, a defendant may argue in a compassionate release motion "that a change in the sentencing law that occurred after [his] sentencing[] (but did not apply retroactively) merit[s] a reduction in [his] sentence[] to conform to that

3

change." *Id.* at 271. At bottom, "no matter how an inmate characterizes his request for relief, the substance of that request controls." *Id.* at 270; *see Davis*, 99 F.4th at 656-57.

The district court agreed that Smith would no longer be subject to a mandatory minimum of life imprisonment, but found that he would be subject to a 25-year mandatory minimum. The court found that, even if Smith's prior state conviction for attempt to possess cocaine did not qualify for enhanced penalties under § 841(b)(1)(A), he would remain subject to a 25-year mandatory minimum because of his prior state convictions for distribution of cocaine and robbery. The court next found that Smith could not challenge his career offender status in a compassionate release motion because a sentencing challenge must be brought in a § 2255 motion.

While we recognize that the district court did not have the benefit of our decision in *Davis*, that case makes clear that it was an abuse of discretion to decline to consider Smith's argument that, if sentenced today, he would no longer be considered a career offender and would be afforded application of Amendment 782. In his compassionate release motion, Smith did not argue that the district court erred at sentencing. Rather, he argued that, if sentenced today, his Guidelines range would be significantly lower. Because Smith's career offender argument was appropriate in the compassionate release context, we vacate the district court's order and remand for further proceedings for the district court to consider this argument.

Accordingly, we vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*